# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEVEN R. SCHMIDT,<br><br>                      Plaintiff,<br><br>v.<br><br>WATERSTONE BANK SSB,<br><br>                      Defendant. | Case No. 18-CV-863-JPS<br><br>**ORDER** |

        Plaintiff filed this action *pro se* on June 6, 2018. (Docket #1). Though his allegations are difficult to follow, the Court gathers that he obtained a mortgage through Defendant. *Id.* at 1-2. Plaintiff seems to be aggrieved by Defendant's conduct in seeking payment of that loan, calling it predatory. *Id.* at 2–5. He alleges that this action is "[a] Disabled Person Discrimination case, Federal violations of equal Rights persons with disabilities act, fraudulent acts of WaterStone accounting errors." *Id.* at 1. Plaintiff asks that the Court stay any foreclosure actions by Defendant, order Defendant to respond to various discovery requests, find that his mortgage is satisfied in full, and award him damages. *Id.* at 5.

        Defendant filed a motion to dismiss on June 27, 2018 arguing, *inter alia*, that the Court lacks subject matter jurisdiction over this case. (Docket #4). Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§

1331 and 1332(a). Plaintiff's complaint does not validly assert either form of subject matter jurisdiction.

Plaintiff alleges that he and Defendant are both citizens of Wisconsin. (Docket #1 at 1). Thus, diversity jurisdiction is lacking regardless of the amount in controversy. As to federal question jurisdiction, the only sources of federal law available to Plaintiff are federal statutes or the Constitution. Neither apply here. Plaintiff alleges that he was discriminated against because of his disabilities, but fails to identify a federal law which would protect him from such discrimination in the context of a mortgage. It seems as though Plaintiff wishes to invoke the protections of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, but that law applies only to discrimination in employment, *id.* §§ 12111-12117, access to public services, *id.* at §§ 12131-12134, and access to public facilities operated by private companies (e.g., wheelchair-accessible ramps for access to a hotel), *id.* at §§ 12181-12189. The Constitution is also of no help to Plaintiff, as Defendant is not a state actor. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815–16 (7th Cir. 2009).

Without subject matter jurisdiction, this Court cannot hear Plaintiff's case. The action must, therefore, be dismissed without prejudice. Plaintiff's response to Defendant's motion included a request for the Court to order production of certain documents. (Docket #10 at 2). No documents in Defendant's possession could change the result here; the lack of subject matter jurisdiction is evident on the face of the complaint. That request will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery documents (Docket #10) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge